IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARY DEAN REED,

    Plaintiff,         1:06-cv-01837 OWW TAG P

  vs.         ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

KERN COUNTY POLICE DEPT., et al.,

    Defendants.

    Plaintiff is an inmate confined at the Lerdo Pretrial Detention Facility in Bakersfield. Plaintiff has filed an action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).[1]

    Plaintiff names various institutions as defendants: Kern County Police Department; Kern County Personnel Department; Kern County Mental Health; Kern County Superior Court; Los Angeles County DCFS; Los Angeles Police Department; Los Angeles Department of Health; Los Angeles Superior Court; Los Angeles Department of Personnel.

    The complaint consists of a three page form complaint for a Civil Rights action pursuant to 42 U.S.C. § 1983. Plaintiff's statement of claim consists of a single paragraph that sets forth random, generalized grievances. Plaintiff refers to former President Clinton, as well as some of

---

[1] Plaintiff also seeks leave to proceed in forma pauperis. Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Plaintiff is therefore granted leave to proceed in forma pauperis.

1

1  the institutions named as defendants.  The only conduct referred to is Plaintiff's allegation that
2  "the police arrested me here on a battery charge.  I never hit anyone."   Plaintiff does not name
3  any individual defendants, or charge specific conduct to any identified individual.

4        To warrant relief under the Civil Rights Act, a plaintiff must allege and show that
5  defendant's acts or omissions caused the deprivation of his constitutionally protected rights.  Leer
6  v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993).   In order to state a claim under § 1983, a
7  plaintiff must allege that: (1) a person was acting under color of state law at the time the
8  complained of act was committed; and (2) that person's conduct deprived plaintiff of rights,
9  privileges or immunities secured by the Constitution or laws of the United States.  Paratt v.
10 Taylor, 451 U.S. 527, 535 (1981).

11       The statute plainly requires that there be an actual connection or link between the actions
12 of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v.
13 Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The
14 Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional
15 right, within the meaning of section 1983, if he does an affirmative act, participates in another's
16 affirmative acts or omits to perform an act which he is legally required to do that causes the
17 deprivation of which the complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.
18 1978).

19       The court can not discern from Plaintiff's rambling narrative any identifiable claims.   As
20 noted above, Plaintiff must allege facts indicating that a person deprived her of a protected
21 interest.  The statute under which this action proceeds  plainly requires that there be an actual
22 connection or link between the actions of the defendants and the deprivation alleged to have been
23 suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo
24 v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to
25 the deprivation of a constitutional right, within the meaning of section 1983, if he does an
26

affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

The court finds the allegations in plaintiff's complaint vague and conclusory. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original

complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff is granted leave to proceed in forma pauperis.

2. Plaintiff's complaint is dismissed; and

3. Plaintiff is granted thirty (30) days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated:   **February 12, 2007**                                /s/ Theresa A. Goldner
**j6eb3d**                                                           UNITED STATES MAGISTRATE JUDGE