IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY DEAN REED, et al., | Case No. 06-cv-1837 OWW TAG |
| Plaintiffs, | REPORT AND RECOMMENDATIONS |
| vs. | TO DISMISS CASE FOR FAILURE |
| | TO OBEY A COURT ORDER, AND TO DENY |
| KERN COUNTY POLICE | PENDING MOTIONS AS MOOT |
| DEPARTMENT, et al. | (Docs. 17, 18, 21, 22, and 24) |
| Defendants. / | |

Plaintiff, Mary Dean Reed ("Plaintiff"), a pretrial detainee proceeding pro se and in forma pauperis, filed a civil rights action pursuant to 42 U.S.C. § 1983 on behalf of herself and M. Dean Reed Production Company. (Doc. 1). On February 12, 2007, the Court issued an order to dismiss the complaint in its entirety because it did not contain allegations from which the defendants could infer that they had taken actions, or neglected to act, thereby depriving Plaintiff of rights secured to her under the Constitution or federal statutes. The order was docketed on February 13, 2007. (Doc. 18). The Court, however, granted Plaintiff an opportunity to amend the complaint, within thirty (30) days from the date of service of that order, to cure the deficiencies of the complaint as outlined by the Court's February 12, 2007 order. Plaintiff was specifically warned that her failure to cure the deficiencies would result in a recommendation that this action be dismissed. (Doc. 18, p. 4).

Before the thirty-day period had expired, Plaintiff filed a rambling motion to reinstate the dismissed complaint. (Doc. 21). Plaintiff's motion does not cure the deficiencies outlined

1 in the Court's February 12, 2007 order and, therefore, Plaintiff has failed to comply with the
2 Court's February 12, 2007 order.

3       On February 8, 2007, the Court ordered Plaintiff to submit a completed application to
4 proceed in forma pauperis ("IFP") and a certified copy of her prison trust account statement
5 for the six month period immediately preceding the filing of the complaint, or in the
6 alternative, to pay the $350 filing fee for this action.  The order was docketed on February 9,
7 2007.  (Doc. 17).    Plaintiff was specifically warned that her failure to comply with the order
8 would result in a recommendation that this action be dismissed.  (Doc, 17, p. 2).  To date,
9 Plaintiff has failed to failed to submit a completed IFP application and trust account
10 statement, and has failed to pay the filing fee.  Instead, on March 21, 2007, Plaintiff submitted
11 a written document entitled "Obligations made by Guardian for the Federal and Supreme
12 Court,"  which appears to request that the Court accept written song lyrics in lieu of a filing
13 fee.  (Doc. 24).   The Court is unable to accept song lyrics in lieu of the filing fee, and finds that
14 Plaintiff has failed to comply with the Court's February 8, 2007 order.

15       Local Rule 11-110 provides that "failure of counsel or of a party to comply with these
16 Rules or with any order of the Court may be grounds for imposition by the Court of any and
17 all sanctions . . . within the inherent power of the Court."  District courts have the inherent
18 power to control their dockets and "in the exercise of that power, they may impose sanctions
19 including, where appropriate . . . dismissal of a case."  <u>Thompson v. Housing Auth.</u>, 782 F.2d
20 829, 831 (9th Cir. 1986).

21       In determining whether to dismiss an action for failure to obey a court order, the Court
22 must consider several factors: (1) the public's interest in expeditious resolution of litigation;
23 (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the
24 public policy favoring disposition of cases on their merits; and, (5) the availability of less
25 drastic alternatives.  <u>Carey v. King</u>, 856 F.2d 1439 (9th Cir. 1988);  <u>Henderson v. Duncan</u>,
26 779 F.2d 1421, 1423 (9th Cir. 1986).

27       In the instant case, the Court finds that the public's interest in expeditiously resolving
28 this litigation and the Court's interest in managing the docket weigh in favor of dismissal.  The

third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  <u>Anderson v. Air West, Inc.</u>, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992); <u>Malone v. U.S. Postal Service</u>, 833 F.2d 128, 132-133 (9th Cir. 1987); <u>Henderson</u>, 779 F.2d at 1424.  The Court's order of February 12, 2007, expressly stated: "Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed." (Doc. 18).  The Court's order of February 8, 2007 expressly stated: "Failure to comply with this order will result in a recommendation that this action be dismissed." (Doc. 17).  Thus, Plaintiff had adequate warning that dismissal would result from her noncompliance with the Court's orders.

## RECOMMENDATIONS

Based on the foregoing, the Court RECOMMENDS the following:

1. That this action be DISMISSED, without prejudice, for Plaintiff's failure to comply with the Court's February 8 and 12, 2007 orders;

2. Plaintiff's Motion to re-instate complaint, (Doc. 21), Plaintiff's request to submit song lyrics in lieu of a filing fee, (Doc. 24), and the Notice of recommendation that case be combined with 06-cv-1600,[1] be DENIED.

This Report and Recommendations is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fifteen (15) days after being served with this Report and

---

[1] Plaintiff filed this notice on March 12, 2007.  (Doc. 22).  On March 30, 2007, case no. 06-cv-1600 OWW SMS was dismissed and judgment was entered against Plaintiff Mary Reed.  (<u>See</u> 06-cv-1600, Docs. 14, 15).  Accordingly, Plaintiff's request that the cases be consolidated is moot.

1  **Recommendations, Plaintiff may file written objections with the Court. Such a document**
2  **should be captioned "Objections to Magistrate Judge's Report and Recommendations." The**
3  **Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).**
4  **The parties are advised that failure to file objections within the specified time may waive the**
5  **right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).**

7  IT IS SO ORDERED.
8  Dated:   **April 2, 2007**                                         /s/ Theresa A. Goldner
   **j6eb3d**                                                  UNITED STATES MAGISTRATE JUDGE